STATE, EX REL. P. F. O'GARA, COUNTY ATTORNEY, APPELLEE, v. CHARLES F. FURLEY, APPELLANT.

FILED JANUARY 30, 1914.   No. 18,325.

1. Counties: COMMISSIONERS: TERM OF OFFICE. The rule in *State v. Plasters*, 74 Neb. 652, controls the disposition of this case, and the term of a county commissioner in Cedar county is three years.

2. ———: ———: OUSTER: SPECIAL STATUTE. Where a new right is created by a special statute and a new remedy given to enforce the right, the method of enforcing the right provided by the statute is exclusive, in the absence of anything to indicate a contrary intention by the legislature.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

95 Neb. 11

*F. P. Voter, R. J. Millard* and *J. C. Robinson,* for appellant.

*P. F. O'Gara, C. B. Willey* and *A. R. Davis, contra.*

Letton, J.

Charles F. Furley was elected county commissioner of Cedar county at the general election held in November, 1909. He entered upon the duties of the office, and was exercising the same at the time this action was begun. At the general election in 1912 Edward H. Carroll was a candidate for the office and Furley was a candidate to succeed himself. Carroll was elected, and qualified. On January 9, 1913, he appeared before the board of county commissioners and demanded to be seated and recognized as a member of the board. The demand was refused on the ground that Furley's term of office had not expired. This action was then brought to oust Furley. Judgment of ouster was rendered, and from this judgment Furley appeals.

The information pleads the facts as stated. The respondent's answer is to the effect that at the time he was elected in 1909 he believed that the term of office was for only three years, but that he afterwards ascertained that under the laws of this state his term did not expire until the expiration of four years; that the election of November, 1912, was unauthorized and illegal; and that Carroll has never filed with the county clerk of Cedar county the statement required under the corrupt practice act (Comp. St. 1911, ch. 26, art. III).

The first question presented, and the most important, is whether the term of office of a county commissioner in a county with three commissioners is three years or four years. Respondent concedes that from the adoption of the Revised Statutes of 1866 until July 4, 1905, the length of term of such office was three years, but he maintains that by the provisions of sections 54 and 55, art. I, ch. 18, Comp. St. 1905, the term of office was changed from three to four years. At the 1905 session of the legislature an

attempt was made by amendments to existing statutes to do away with annual elections and to provide that elections for all offices in this state should only be held biennially. A number of statutes were amended so as to make the terms of various officers conform to the changed time of election. The identical question here presented was involved in the determination of the case of *State v. Plasters*, 74 Neb. 652, and it was held that the amendment was void. This was followed by *State v. Offill*, 74 Neb. 669, and *State v. Offill*, 74 Neb. 670. One of these cases related to the office of county supervisor, and the rule in the *Plasters* case was adhered to. The rule announced controls this case, and the attempted amendment of 1905 left the three-year term unchanged. It may also be said that the provisions of the general election law of 1879 (laws 1879, p. 240) provide that the term of county commissioners should be for three years. This act was reenacted in 1907 retaining the three-year term, and the amending statute (laws 1907, ch. 51) repealed all acts and parts of acts in conflict therewith.

It is next contended that Carroll failed to file a statement in conformity with the corrupt practice act (Comp. St. 1911, ch. 26, art. III), and therefore his election was void. A statement was actually filed which the district court found to be in substantial compliance with the statute, but it was not as full in all respects as the law requires. The county clerk determined that the statement was sufficient and duly issued the certificate of election. It is not contended that Carroll did not receive the certificate, take the oath required by law, and file a bond. The corrupt practice act does not provide that the incumbent of an office may retain it and refuse to surrender the same to the holder of a certificate of election in the absence of a judicial determination that the person holding the certificate has violated the law and has been ousted from the office in a proper proceeding. The statute provides that the person elected who fails to file the required certificates of expenses shall be liable to a fine, and also provides that if an elector presents an application verified by his affi-

davit to the attorney general charging violations of the act, accompanied by a bond to the state in the sum of $1,000, it shall be the duty of the attorney general to begin an action, or to instruct the county attorney of the county in which the public officer resides to bring an action, to have the office declared vacant, and that if the public officers do not bring such an action within a certain time the applicant may bring such action at his own expense. If successful, the judgment shall declare the election of the defendant void; shall oust him, and declare the office vacant. Rev. St. 1913, ch. 20, art. XX.

The remedy is given by a special statute and must be sought by means of the special action created in the act. If a judgment had been rendered ousting Carroll, this would have been a perfect defense, but until such judgment is rendered the respondent cannot avail himself of the claimed insufficiency of Carroll's statement.

The judgment of the district court is

AFFIRMED.