FRANK C. BEST ET AL., APPELLANTS, V. HARLEY G. MOORHEAD, APPELLEE.

FILED JULY 11, 1914.    No. 18,639.

1. Counties: COMMISSIONERS: TERM OF OFFICE.    Chapter 46, laws 1905, fixes the term of county commissioners of counties having a population of more than 150,000 at four years.    Commissioners elected under and pursuant to that act, as amended, hold the office for four years and until their successors are elected and qualified.

2. ——: ——: ——: STATUTE: VALIDITY.    State v. Plasters, 74 Neb. 652, and subsequent cases following that decision are overruled so far as they hold that act invalid to fix the term of county commissioners at four years.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE.    Reversed with directions.

W. T. Thompson, W. W. Slabaugh and H. A. Reese, for appellants.

George A. Magney and Charles Haffke, contra.

SEDGWICK, J.:

These plaintiffs, Frank C. Best and August C. Harte, were duly elected to the office of county commissioner of the third and fifth commission districts of Douglas county,

at the general election in 1911, and were duly qualified and entered upon the duties of the office in January, 1912. They contend that they were elected for the term of four years and that their respective terms will not expire until January, 1916. The defendant is election commissioner of Douglas county, and plaintiffs allege that the defendant is about to, and unless restrained by decree in this case will, "receive nomination papers and petitions from several parties seeking to become candidates" for said office "now represented by plaintiffs," and will file the same and "will place the names of such parties on the official primary ballot to be voted for and nominated to the said offices at the primary election to be held in Douglas county on the 18th day of August, 1914, * * * and will thereby create a useless and unnecessary expense" to the county and taxpayers thereof. They asked that defendant be enjoined from so doing. The defendant filed a general demurrer to the petition, which was sustained and the cause dismissed. The plaintiffs have appealed.

The sole question presented on this appeal is as to the length of the terms to which plaintiffs were elected. The plaintiffs insist that under the statute the term is four years, and the respondent insists that it is three.

The statutes governing this question are conflicting and inconsistent and cannot be literally enforced. Prior to 1905 the statute provided for five commissioners in Douglas county and fixed the term at three years. The act of 1905 (laws 1905, ch. 46), under which these plaintiffs were elected in 1911, contained the provision for five commissioners, but attempted to fix the term at four years. If this act is constitutional and has not been superseded and its terms are such as to be capable of being enforced, the plaintiffs are right in their contentions.

The constitutional amendment of 1912 provided: "The general election of this state shall be held on the Tuesday succeeding the first Monday of November in the year 1914 and every two years thereafter. All state, district, county, precinct and township officers, by the constitution or laws

made elective by the people, except school district officers, and municipal officers in cities, villages and towns, shall be elected at a general election to be held as aforesaid. * * * Provided, that no office shall be vacated thereby, but the incumbent thereof shall hold over until his successor is duly elected and qualified." Const., art. XVI, sec. 13. In 1913 the legislature enacted a general statute repealing former acts and by which it was intended to harmonize the statutes with the constitutional amendment quoted above. Rev. St. 1913, ch. 20. Section 17 of the act (laws 1913, ch. 149; Rev. St. 1913, section 1955) provided: "In counties nct under township organization having five commissioners, three commissioners shall be elected in the year nineteen hundred and fourteen, and every fourth year thereafter." Construed literally, this would vacate the office of any commissioner whose term did not otherwise terminate on or before January, 1915. This, of course, the legislature could not do, as the constitution provided that "no office shall be vacated" on account of the change made by that amendment. The legislature will not be presumed to have intended a violation of the constitution, and this provision of the act of 1913 must be construed as intended to apply only when such offices were or would become vacant before or at the time the terms of those elected in 1914 would begin. It could not therefore apply to these plaintiffs if the term to which they were elected was for four years. The petition alleges that two commissioners were elected in the year 1910. Their successors will therefore be elected in 1914. One was elected in 1912. His term of office will be until January, 1917. The act of 1913 (Rev. St. 1913, sec. 1955) provides that three commissioners shall be elected in 1914 and every four years thereafter. This requires that three commissioners shall be elected at the end of four years from 1914; that is, at the election of 1918. It cannot be effective as to the election of 1914, since the terms of only two commissioners will expire in January, 1915.

Was the act of 1905, under which these plaintiffs were elected, constitutional? Defendant's counsel insists that

Best v. Moorhead.

it is not, and cites *State v. Plasters,* 74 Neb. 652, *State v. Galusha,* 74 Neb. 188, *State v. Drexel,* 76 Neb. 299, *State v. Furley,* 95 Neb. 161, as conclusive upon that point.

In *State v. Plasters, supra,* the question was whether the act there considered could have the effect to extend the terms of the incumbents of office of register of deeds in the several counties for another year beyond the term for which they were elected, and it was held that the legislature could not so extend the terms of office of the incumbents. This was the question mainly discussed in the opinion and the only question necessary to determine in that case. In the syllabus it is said that the legislature cannot "by an act wholly for that purpose extend the terms of such officers." Similar language is used in the opinion, which would indicate that the court considered that the sole object of the act therein questioned was to extend the terms of certain registers of deeds. It is manifest that this was not the sole object of the act. The object of the act was to change the time of the election of the registers of deeds in the state from the odd-numbered years to the even-numbered years, and the provision fixing the length generally at four years and extending the terms of the incumbents was incidental to that purpose. There is no doubt that the legislature has the power to change the date of the election and fix the length of the term generally, and it was not necessary to declare the whole act unconstitutional, as appears to be stated in the second paragraph of the syllabus.

*State v. Drexel,* 76 Neb. 299, appears to have involved the same question, the attempt being "to extend for definite periods the terms of office of two of the county commissioners of Douglas county," and that case was determined upon the authority of *State v. Plasters, supra.*

In *State v. Galusha,* 74 Neb. 188, it was held that the general act of the legislature of 1905 (laws 1905, ch. 65) was unconstitutional because it attempted to change the terms of constitutional officers that were fixed by the constitution itself. Chapter 46, laws 1905, was not involved

nor considered in that decision. The earlier decisions were predicated entirely, and *State v. Furley*, 95 Neb. 161, partially, upon the statement of the second paragraph of the syllabus of the decision in *State v. Plasters, supra*. That statement of the law, as we have already said, was not necessary to the decision in the *Plasters* case, and was therefore not authoritative and ought not to have been followed. Chapter 46 is an act complete in itself and separate from chapter 65. It has several times since its enactment been considered constitutional by the legislature and is in harmony with the amendment to the constitution of 1912. This amendment was adopted after the legislature had several times reenacted chapter 46, and is therefore in some sense a recognition of the validity of that act. The only ground upon which chapter 46 could be held unconstitutional is that chapter 65 was an inducement to its passage. That point we expressly refused to decide in *State v. Plasters, supra,* and no authority has been cited holding that one act of the legislature should be regarded as an inducement to the passage of a separate and distinct act. If we should so hold in this case, it would lead to confusion and render many acts of the legislature incapable of application.

We therefore conclude that chapter 46, laws 1905, is not wholly invalid. It and subsequent acts of the legislature fix the term of county commissioners of Douglas county at four years, and plaintiffs were elected under and pursuant thereto. It follows that the plaintiffs' terms of office are four years and will not expire until January, 1916.

The decree of the district court is therefore reversed and the cause remanded, with instructions to enter a permanent injunction as prayed.

REVERSED.

REESE, C. J., and ROSE, J., not sitting.