EARNEST A. CALLING, APPELLEE, V. ARCHIE S. GILLAND, APPELLANT.

FILED FEBRUARY 26, 1915.  No. 18,871.

County Commissioners: TERM OF OFFICE.  Under the constitutional amendment of 1912 and the statute of 1913 (Rev. St. 1913, sec. 1955), a county commissioner, elected in 1912 in a county not under township organization and having three commissioners, holds his office for a term of four years, beginning in January, 1913, and his successor will hold for the remainder of the four-year term ending January, 1919.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE.  *Affirmed.*

*H. D. Rhea* and *F. J. Byrd,* for appellant.

*E. A. Cook* and *W. A. Stewart, contra.*

SEDGWICK, J.

At the general election in the fall of 1912 the plaintiff was elected to the office of county commissioner for the third commissioner's district of the county of Dawson. Dawson county at that time was not under township organization and had three commissioners.  Under the law as it then existed one county commissioner was elected each year for the term of three years.  *Best v. Moorhead,* 96 Neb. 602; *Saling v. Bahensky,* p. 789 *post.*  The term, therefore, for which the plaintiff was elected would expire in January, 1916.  The constitutional amendment of 1912 provided for biennial elections (Const. art. XVI, sec. 13), and the legislature of 1913 enacted a general statute for the purpose of harmonizing the statute then existing with the constitutional amendment.  It repealed some of the former acts.  It provided that, in counties not under township organization having three commissioners, "two commissioners shall be elected in the year 1914 and every fourth year thereafter, and one commissioner shall be elected in the year 1916 and every fourth year thereafter."

Rev. St. 1913, sec. 1955. Construed literally, this provision would have limited the plaintiff's term to two years, ending in January, 1915; that is, his successor would be elected at the general election in 1914; but the constitutional amendment referred to provided "that no office shall be vacated thereby, but the incumbent thereof shall hold over until his successor is duly elected and qualified." It was held in *Best v. Moorhead, supra,* that the statute requiring two commissioners to be elected in 1914 could not apply to an incumbent whose term of office would not expire until January, 1916. The plaintiff therefore is entitled to hold the office until January, 1917, which is two years of the term of his successor, which term expires in January, 1919.

This is the only question presented and discussed in the briefs, and the trial court having held in accordance with the views above expressed, its judgment is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.