Saling v. Bahensky.

---

ROBERT SALING, APPELLANT, V. K. D. BAHENSKY, COUNTY CLERK, APPELLEE.

FILED FEBRUARY 26, 1915. No. 18,933.

1. County Commissioners: TERM OF OFFICE. Section 55 of the act of 1879 (laws 1879, p. 353), "Concerning counties and county officers," as amended by chapter 46, laws 1905 (Rev. St. 1913, sec. 980), fixes the terms of county commissioners of all counties at four years.

2. Counties: OFFICERS: TERM OF OFFICE. Chapter 51, laws 1907, which amends a section of the general election law, provides that laws creating county offices shall control as to the election of county officers, and the provisions in regard to the terms of such officers do not apply when the statute creating the office fixes the term.

3. Elections: INJUNCTION: QUÆRE. Whether injunction is the proper remedy in any case to control the action of the county clerk in arranging the general election ballot, quære.

APPEAL from the district court for Howard county: JAMES N. PAUL and JAMES R. HANNA, JUDGES.  *Affirmed.*

*W. T. Thompson* and *T. T. Bell,* for appellant.

*Charles G. Ryan, R. R. Horth* and *Charles Dobry,* contra.

*Reese, Reese & Stout* and *Hainer,. Craft & Edgerton,* amici curiæ.

SEDGWICK, J.

At the primary election in 1914 the relator and Frank Bowers and William Johnson were nominated as candidates for the office of county commissioner for Howard county. Thereafter the relator began this action in the district court against the respondent, who is county clerk of that county, to restrain him from putting the names of Bowers and Johnson upon the official ballot as candidates for that office. The district court granted a preliminary restraining order and afterwards, upon final hearing, dissolved the restraining order and dismissed the proceedings, and the relator has appealed.

The relator was elected to the office of county commissioner at the general election in the fall of 1911, and contends that his term was for four years and would not expire until January, 1916, and therefore there was no vacancy in that office to be filled at the election of 1914.

1. It is objected that injunction is not an appropriate remedy in such case. Contest of election provided by statute or, when that remedy is not applicable, the writ of *quo warranto* is the proper method of trying the right to public office. If the name of one who has been regularly nominated to an office is kept from the ballot by a restraining order or a temporary injunction, he may be prevented from being a candidate at the election, although it is finally determined in the same case that he was entitled to a place on the ballot. Thus he may, by a preliminary order, without any hearing, be deprived of a right that can never be restored to him. If injunction is the proper remedy,

the decision must finally depend entirely upon the relator's right to the office.  If the relator's term has not expired, the election of a successor will not necessarily deprive him of the office.  The question can still be tested by *quo warranto* proceedings.  In *Best v. Moorhead*, 96 Neb. 602, the relators claimed that their terms as county commissioners had not expired and, as in this case, they sought to restrain the county clerk from placing the names of rival candidates upon the ballot.  The only difference between that case and the case at bar, so far as this point is concerned, is that it related to the primary ballot, and in the case at bar the election ballot is in question.  They began in time so that the case was disposed of in this court before the primaries were held.  The question whether injunction was the proper remedy was not pressed and was not considered.  In the case at bar the respondent says in the brief that the contested names were placed on the ballot, and relator was also a candidate at the election, but was defeated.  The case is therefore purely academic so far as the form of the ballot and the names appearing thereon are concerned; but there are other cases pending in this court involving the question of the length of terms of county commissioners in counties not under township organization and having three commissioners.  In some of them at least the question is being properly contested by *quo warranto* and, as we consider that we are already committed upon the question of the length of these terms in *Best v. Moorhead, supra,* we have concluded to state some additional reasons for that decision.

2.  It was suggested in *Best v. Moorhead, supra,* that "the statutes governing this question are conflicting and inconsistent and cannot be literally enforced."  The legislature of 1879 enacted two statutes, one entitled "An act to provide a general election law, the procedure relative to contested elections, and the filling of vacancies in office" (laws 1879, p. 240), and the other entitled "Concerning counties and county officers" (laws 1879, p. 353).  The act "Concerning counties and county officers" was a comprehensive statute of 154 sections.  It provided that the

board of county commissioners shall consist of three per-
sons (section 53), and that, "at the first election held to
choose the board of commissioners under this act in any
county, the person having the highest number of votes shall
continue in office for three years; the next highest two
years, and the next highest one year; * * * and each
commissioner elected thereafter, in pursuance of the fore-
going section, shall hold his office for three years, and until
his successor is elected and qualified." Section 55. This
section was intended to apply to all counties from the time
that the act took effect, and not merely new counties or-
ganized after that, as suggested in the brief, since section
11 of the act specifically provides for the first election in
new counties. This act was afterwards very frequently
amended, for the purpose of providing for five commission-
ers instead of three in Douglas county and in such other
counties as might elect to have that number, and for va-
rious other purposes, from the time of its first enactment
until the legislature of 1905. In 1905 the legislature at-
tempted to adopt the policy of biennial elections. It en-
acted a statute specifically for that purpose. Laws 1905, ch.
65. That statute was held to be unconstitutional, as the
constitution expressly fixed the terms of many officers to
begin in odd-numbered years, and that act undertook to
change those same terms to begin on even-numbered years,
and for other reasons. The legislature of 1905 (laws 1905,
ch. 46) also enacted a statute, entitled "An act to amend
sections 54 and 55, of art. I, ch. 18 of the Compiled Stat-
utes," etc. These were sections 54 and 55 of the original
act of 1879, "Concerning counties and county officers," as
amended. Section 54 had been amended from time to
time and finally in 1891 (laws 1891, ch. 21). Section 54
of the original act provided for dividing counties into
three districts, and that one commissioner should be elected
from each district, and section 55 fixed the terms of office
of the commissioners. This section was as follows: "At
the first election held to choose the board of commission-
ers under this act in any county, the person having the
highest number of votes shall continue in office for three

years; the next highest two years, and the next highest one year; but if any two or more persons have the same number of votes, their term of office shall be determined by the board of canvassers, and each commissioner elected at the first general election, as herein provided, shall hold his office for three, two or one years, as the case may be, and until his successor is elected and qualified, and each commissioner elected thereafter, in pursuance of the foregoing section, shall hold his office for three years, and until his successor is elected and qualified." It was intended to apply to all counties of the state, and not merely counties thereafter organized. Section 11 of the act provided for the election of commissioners in new counties. Chapter 46, laws 1905, amended said section 55. The only change made was to make the term of office four years instead of three. It amended a section of the act "Concerning counties and county officers," and the manifest intention was to make the term four years in all counties of the state. The general election law provided that the provisions of an act creating an office should control as to the election of such officers and their terms of office. It was held in *Best v. Moorhead, supra,* that this amendment of the act concerning counties and county officers had the effect to fix the terms of county commissioners in all counties of the state.

The general election law of 1879 (laws 1879, p. 240) named the officers to be elected, state, district, county, township and precinct, and generally stated incidentally the term of office. Section 7, after providing for the election of various officers of counties not under township organization, contained these words: "And one county commissioner shall be elected annually who shall serve three years." This was all that was said in the act in regard to county commissioners and their terms of office. The act concerning counties and county offices created the office of county commissioner, and provided at large the duties of that office and the time and manner of the election. If there is a conflict between the general election law and the law concerning counties and county officers as to the

election of county commissioners the latter act would of course control, under the provision of the general election law above quoted, even if it would not control without such provision. A statute was enacted in 1907 (laws 1907, ch. 51) which purports to amend section 7 of the general election law and still retains the words: "One county commissioner shall be elected annually who shall serve three years"—which is the only reference to county commissioners, and it also contains the provision that county officers "created by statute or that may be hereinafter created shall be elected at such general election as may be provided in the law creating the office or offices." It repeals the former section 7 of the general election law, but does not repeal nor mention the act in relation to counties and county officers. The act was enacted after the general election law of 1905 was declared unconstitutional, and was intended to take the place of that statute, and did not intend nor purport to repeal or amend the act relating to counties and county officers, but expressly provided that that act should control as to the election of such officers. The statute of 1905, as we have already seen, makes the term of county commissioners four years, and in *Best v. Moorhead, supra,* it was held to be constitutional and valid for that purpose.

The relator's term of office was four years, beginning in January, 1912. Without determining whether the process of injunction may be used under any circumstances to control the action of the county clerk in making up the official ballot, we cannot find that there was any abuse of discretion in dismissing the action under the peculiar circumstances in this case.

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.