STATE, EX REL. PETER ELSASSER, APPELLANT, V. HENRY S. McDONALD, APPELLEE.

FILED MARCH 13, 1915.    No. 18703.

County Commissioners: TERM OF OFFICE. Chapter 46, Laws 1905, is not invalid. Under it and subsequent acts of the legislature, the term of county commissioners of Douglas county is four years.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*John J. Sullivan* and *B. S. Baker,* for appellant.

*Stout, Rose & Wells, contra.*

HAMER, J.

This is in the nature of *quo warranto* proceedings brought to obtain possession of the office of county commissioner of Douglas county. A demurrer to the information was sustained. The ruling on this demurrer is the only question presented by the record. The information alleged in substance, the organization of Douglas county; that it was without township organization; that it had a population of 125,000; that at a general election in November, 1909, John A. Scott was elected county commissioner for district No. 1, in said county, for a period of four years ending January 8, 1914; also the death of said John A. Scott in 1910, after having qualified and entered upon the discharge of the duties of the office; the election of the relator at the November, 1910, election to fill the unexpired portion of said Scott's term; that the relator duly qualified and entered upon the discharge of his duties as commissioner; that "at the general election in 1912, the defendant, claiming that the term of office of the county commissioner of said county is three years, and not four, became a candidate for county commissioner of said district No. 1, and having received the highest number of votes cast at said election, received a document purporting to be

a certificate of election. He thereupon filed the oath and bond required in cases where there is a lawful election, and on the 14th day of January, 1913, intruded himself into the office of county commissioner for district No. 1, of said county, and, with the aid and assistance of the other county commissioners of said county, did on the 15th day of January, 1913, unlawfully and forcibly exclude the relator from his said office, and still continues to so exclude him therefrom;" and that the only ground or reason upon which defendant became a candidate or assumed to qualify for said office is that the term of said office is three years, and not four years.

The question presented by the record is: Is the term of county commissioner in Douglas county three or four years? If for three years, the judgment is right. If for four years, the judgment is wrong. The question presented requires the construction of statutes which were construed by us in the case of Best v. Moorhead, 96 Neb. 602. It was there decided that chapter 46, Laws 1905, fixes the term of county commissioners of counties having a population of not less than 125,000 to be four years, and that commissioners elected under and pursuant to that act, as amended, hold their office for four years and until their successors are elected and qualified. The holding of this court in the case just cited is conclusive in the case now before us. In the opinion cited it is said: "We therefore conclude that chapter 46, Laws 1905, is not wholly invalid. It and subsequent acts of the legislature fix the term of county commissioners of Douglas county at four years, and plaintiffs were elected under and pursuant thereto. It follows that the plaintiffs' terms of office are four years and will not expire until January, 1916."

The judgment of the district court is

REVERSED.

MORRISSEY, C. J., LETTON and ROSE, JJ., not sitting.