State, ex rel. Fitch, v. McFarland.

---

STATE, EX REL. JOHN FITCH, APPELLEE, V. SAMUEL R. MC-
FARLAND, COUNTY CLERK, ET AL., APPELLANTS.*

FILED APRIL 3, 1915.   No. 19025.

1. **County Commissioners: TERM OF OFFICE.** The term of office of county commissioners, in counties not under township organization, is four years. *Saling v. Bahensky,* 97 Neb. 789; *Calling v. Gilland,* 97 Neb. 788.

* On rehearing, judgment sustained. See opinion, p. 854, *post.*

State, ex rel. Fitch, v. McFarland.

2. **Mandamus: COUNTY COMMISSIONER: ELECTION.** Where it appears that there was no election to be held for the office of county commissioner of the first commissioner district of a county in the year 1914, it was error to award a writ of mandamus compelling the board of canvassers to count the votes for that office, and the county clerk to issue a certificate of election to a person whose name was written on the official ballot by some of the electors.

APPEAL from the district court for Madison county: ANSON A. WELCH, JUDGE. *Reversed and dismissed.*

*Reed & Gill* and *M. S. McDuffee*, for appellants.

*Allen & Dowling* and *H. Halderson*, contra.

*Reese, Reese & Stout*, amici curiæ.

HAMER, J.

This is an appeal from a judgment of the district court for Madison county, awarding the relator a peremptory writ of mandamus to compel the county clerk and the members of the board of canvassers to count the votes cast for him as commissioner of the first commissioner district of said county, at the general election of 1914, and to issue to him a certificate of election to that office. The petition for the writ set forth, in substance, that at the election of 1914 certain electors of the county wrote the relator's name on their ballots and thus cast their votes for him for that office; that there was no other candidate voted for by the electors of the county, and that therefore the relator was duly elected and was entitled to have the votes cast for him counted, and that he was entitled to a certificate of election. By the return to the alternative writ it was alleged, among other things, that there was no vacancy in the office of commissioner of said district No. 1, in said county, at the election of 1914, and no election was held for that office. The trial court, on the hearing, allowed the peremptory writ, and the respondents have appealed.

It appears from the record that one Watson L. Purdy was elected at the general election in 1911 commissioner for the first district of Madison county, for the full term of four years, commencing the first Thursday after the first

Tuesday in January of 1912; and at said election the re-
lator and Purdy were rival candidates. In *Saling v.
Bahensky,* 97 Neb. 789, and in *Calling v. Gilland,* 97 Neb.
788, it was held that in counties, like Madison, which are
not under township organization, the term of county com-
missioner is four years. It follows that there was no elec-
tion for the office of county commissioner in commissioner
district No. 1 in 1914. The writ of mandamus should
therefore have been denied.

The judgment of the district court is reversed and the
relator's action is dismissed.

                                    REVERSED AND DISMISSED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.