STATE, EX REL. ERNEST A. CALLING, APPELLANT, V. O. D.
SMITH, APPELLEE.

FILED NOVEMBER 17, 1917.  No. 20057.

1. Counties: COMMISSIONERS: TERM. To comply with the constitutional provision that elections shall be on the even-numbered years, the legislature has fixed the term of county commissioners at four years and named the specific years that shall constitute such terms hereafter. Rev. St. 1913, sec. 1955.

2. ——: ——: ELECTION. That section provides that, in counties having three commissioners, "two commissioners shall be elected in the year nineteen hundred and fourteen and every fourth year thereafter," and one "shall be elected in the year nineteen hundred and sixteen and every fourth year thereafter," but it does not forbid the election of more than one in the year 1916, if the terms of two commissioners have expired or will expire in the succeeding January. In that case two commissioners should be elected.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. Affirmed.

H. D. Rhea and Wilcox & Halligan, for appellant.

George C. Gillan, E. A. Cook and W. M. Cook, contra.

SEDGWICK, J.

Dawson county is not under township organization, and has three commissioner districts, numbered respectively, 1, 2, and 3. The relator was elected commissioner for the third district in the fall of 1912, his term beginning in January, 1913, and he concedes that he could not, by virtue of that election, hold longer than until January, 1917; but he contends that he is entitled to hold over because there was no valid election of a successor. At the election in 1916 the respondent was elected county commissioner for the third district. The contention is that this election is invalid and the respondent is not entitled to serve because a commissioner was also elected at the same election for the first commissioner district, and the statute (Rev. St. 1913, sec. 1955) provides: "In counties not under township organiza-

tion having  *  *  *  three commissioners, two commission-
ers shall be elected in the year nineteen hundred and four-
teen and every fourth year thereafter, and one commission-
er shall be elected in the year nineteen hundred and sixteen
and every fourth year thereafter." The relator construes
this statute to be an absolute prohibition, and that, as the
election of the commissioner of the first district was clear-
ly valid, no more than one commissioner could be elected
in that county at that election, and the alleged election of
the respondent was therefore invalid. If we should give
this statute that construction, the result would be em-
barassing to all counties not under township organiza-
tion until the statute could be changed. If a commissioner
should die, or be removed from office soon after taking
the office, no successor could be elected under such con-
struction of the statute until the four years' term was
completed. This is clearly not the meaning of the statute.
It provides affirmatively that two shall be elected in 1914
and every fourth year thereafter, and one shall be elected
in 1916 and every fourth year thereafter, but does not
forbid the election of more than one in the year 1916 if,
because a vacancy has occurred or for any reason, there are
two commissioners whose terms for which they were elect-
ed expire before or in the succeeding January. The argu-
ment that there was no vacancy because the relator was
entitled to hold over until January, 1917, is irrelevant.
Under the constitutional amendment elections are to be
held on the even-numbered years. To comply with this pro-
vision it was necessary that the term of office of county
commissioner should be for an even number of years. To
accomplish this change the statute was enacted fixing the
terms of two commissioners, in counties having three,
for the four years beginning in January, 1915, and every
fourth year thereafter. Their election was to be in 1914
and every fourth year thereafter. The terms of one com-
missioner are for the four years beginning in January,
1917 and every fourth year thereafter, the election being
in 1916 and every fourth year thereafter. Under the sta-
tute the four years' term for district No. 3 began in Janu-

ary, 1915, and will end in January, 1919. The relator has held two years of his successor's term (*Calling v. Gilland*, 97 Neb. 788), and respondent's term will expire in January, 1919. His successor should be elected at the fall election in 1918. Therefore relator's successor was properly elected at the election of 1916 for the remainder of the term expiring January, 1919, as in others cases where the term of a holding officer expires in or before January after the regular election. The term of office for districts No. 2 and No. 3 began in January, 1915, and will end in January, 1919. The respondent was elected for the remainder of this term in district No. 3. In 1918 commissioners will be elected for the regular four years' term beginning in January, 1919, for districts No. 2 and No. 3.

The trial court correctly found for the respondent and dismissed the relator's case, and the judgment of the district court is

AFFIRMED.